UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

David Nolan,

           Plaintiff,      Case No. 16-cv-12224

v.                              Judith E. Levy
                                    United States District Judge

Ronald Thomas,

                                    Mag. Judge Stephanie Dawkins
           Defendant.     Davis

_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO AMEND COMPLAINT [40]

Before the Court is plaintiff David Nolan's motion to amend the complaint against defendant Ronald Thomas. (Dkt. 40.)

For the reasons set forth below, plaintiff's motion is granted in part and denied in part.

### I.    Background

Plaintiff David Nolan has filed a complaint against defendant Ronald Thomas in relation to the dissolution of an alleged business partnership between the parties. The facts of this case are set forth in detail in the Court's December 20, 2016 opinion and order (Dkt. 27), and

are incorporated by reference here. In the complaint, plaintiff brought claims for breach of contract (Count I), breach of fiduciary duties (Count II), violations of the Michigan Uniform Partnership Act (Count III), a formal account (Count IV), fraud and constructive fraud (Count V), and unjust enrichment (Count VI). (*See* Dkt. 1.)

On February 1, 2017, the Court granted in part and denied in part defendant's motion to dismiss. Of relevance here is Count V, alleging fraud and constructive fraud, which the Court dismissed without prejudice. (Dkt. 34 at 2.)

On March 2, 2017, plaintiff filed this motion to amend the complaint, requesting to replead Count V as two separate counts and add a new count for conversion. (Dkt. 40 at 5.) Defendant objects to the motion insofar as plaintiff seeks to add a claim for conversion. (Dkt. 41 at 7–8.)

## II.  Legal Standard

Fed. R. Civ. P. 15(a)(2) instructs courts to "freely give leave [to amend] when justice so requires." But "[a] motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or

would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (internal citations omitted).

### III. Analysis

Plaintiff seeks to replead the fraud and constructive fraud claim and to add a count for conversion.

#### *Fraud and Constructive Fraud*

Plaintiff seeks to replead his fraud and constructive fraud claims as two counts.

To state a claim for fraud under Michigan law, a plaintiff must show "(1) [t]hat defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it: and (6) that he thereby suffered injury." *Talton v. BAC Home Loans Servicing LP*, 839 F. Supp. 2d 896, 913 (E.D. Mich. 2012) (quoting *Hi-Way Motor Co. v. Int'l Harvester Co.*, 398 Mich. 330, 336 (1976); *Higgins v. Lawrence*, 107 Mich. App. 178, 184 (1981)); *see also Titan Ins. v. Hyten*, 491 Mich. 547, 555 (2012) (citations and quotations omitted).

"Constructive fraud is actual fraud without the element of intent." *Talton*, 839 F. Supp. 2d at 913. In other words, "actual fraud is an intentional misrepresentation that a party makes to induce detrimental reliance, while constructive fraud is a misrepresentation that causes the same effect, but without a purposeful design to defraud." *Id.* (quoting *Feldkamp v. Farm Bureau Ins. Co.*, No. 272855, 2009 WL 103223, at *5 (Mich. Ct. App. Jan. 15, 2009).

Under the Federal Rules of Civil Procedure, "a party must state with particularity the circumstances constituting fraud or mistake." *Id.*; Fed. R. Civ. P. 9(b).

In the proposed amended complaint, plaintiff has alleged defendant made false statements and misrepresentations with respect to the status of the alleged partnership to induce plaintiff to invest capital in it, and made false reports to induce plaintiff to accept a payout smaller than that to which he was entitled. (Dkt. 40-2 at 13–16.) Plaintiff has also pleaded that defendant knew the statements were false when made, and that plaintiff relied on defendant's misrepresentations to his financial detriment. (*Id.*) Thus, plaintiff has sufficiently pleaded fraud and constructive fraud. Nothing suggests plaintiff's request to replead these

4

claims was done in bad faith, for dilatory purposes, would result in undue delay or prejudice defendant, or would be futile. Accordingly, plaintiff's motion to replead these counts is granted.

### *Conversion*

Plaintiff seeks to add a new count for statutory conversion, MICH. COMP. LAWS § 600.2919a. Plaintiff alleges defendant converted property and assets by (1) concealing the properties in which plaintiff, through the alleged partnership, had a financial stake, and (2) by falsely reporting the income owed to plaintiff. Defendant opposes this portion of the motion to amend, arguing the amendment is futile. (Dkt. 41 at 7–8.)

A claim for statutory conversion "consists of knowingly buying, receiving, or aiding in the concealment of stolen, embezzled, or converted property." *Olympic Forest Prods., Ltd. v. Cooper*, 148 F. App'x 260, 265 (6th Cir. 2005) (citing MICH. COMP. LAWS § 600.2919a).[1] But "simply

---

[1] Plaintiff argues that all case law interpreting this statute prior to 2005 is inapplicable because the statute was amended in 2005. (Dkt. 42 at 3.) Plaintiff's argument is unpersuasive. As the Supreme Court of Michigan has held, the present form of MICH. COMP. LAWS § 600.2919a "is substantially similar to the former version," and was amended only to extend its reach from "third parties who aided another's act of conversion" to "the person who directly converted or embezzled." *Dep't of Agric. v. Appletree Mktg, LLC*, 485 Mich. 1, 9 n.16 (2010). When the legislature intends to substantially alter the elements of a crime and the existing case law interpreting the statute, it knows how to do so. In the absence of evidence showing the legislature intended to do more than expand the scope of the crime, the

5

retaining a particular item or sum does not amount to 'buying, receiving, or aiding in the concealment of stolen, embezzled or converted property.'" *Id.* (quoting *Lawsuit Fin. v. Curry*, 261 Mich. App. 579, 593 (2004)). The definition of "converting" is supplied by Michigan common law, which defines conversion as "any distinct act of domain wrongfully exerted over another's personal property in denial of or inconsistent with the rights therein." *In re Dantone*, 477 B.R. 28, 38 (6th Cir. 2012) (bankruptcy appellate panel).

And, in actions for conversion of money, a plaintiff must also plead "the defendant [] have an obligation to return the specific money entrusted to his care. The defendant must have obtained the money without the owner's consent to the creation of a debtor and creditor relationship." *Beginin v. Thomas Hosp. Grp.*, No. 317515, 2014 WL 6859292, at *2 (Mich. App. Dec. 4, 2014) (quoting *Head v. Phillips Camper Sales & Rental, Inc.*, 234 Mich. App. 94, 111–12 (1999)).

In this case, although plaintiff appears to allege conversion of monetary and nonmonetary property, the allegations support only

---

prior case law addressing what elements must be pleaded to state a claim for statutory conversion remains applicable.

6

monetary conversion. With respect to the property allegedly concealed by defendant, plaintiff's interest in the properties was fifty percent of any profits and cash flows generated in relation to these properties. And to the extent plaintiff alleges defendant induced him to invest in the partnership, the property at issue here is also money. Thus, the question is whether defendant obtained that money without consent and had an obligation to return it to plaintiff.

With respect to the money plaintiff agreed to invest to start the partnership, plaintiff alleges that defendant fraudulently induced plaintiff to invest in the partnership, which vitiates consent. However, plaintiff has failed to allege that defendant is obligated to return the initial investment or that there exists a creditor-debtor relationship between the parties. Instead, plaintiff's allegations establish he is entitled to fifty percent of the profits and positive cash flow resulting from the alleged partnership. Thus, plaintiff has not pleaded a claim for statutory conversion with respect to the initial investment funds.

Plaintiff also alleges conversion related to the profits owed to him. As alleged, defendant is obligated to split the profits 50/50. But these profits were not initially given by plaintiff to defendant, and therefore do

not create the requisite creditor-debtor relationship. *See AFS/IBEX of MetaBank v. Travelers Prop. Cas. Co. of Amer.*, Case No. 15-11409, 2016 WL 3541214, at *5 (E.D. Mich. June 29, 2016) (no conversion where plaintiff gave litigation proceeds to agency because no creditor-debtor relationship established). Thus, plaintiff has not pleaded a conversion claim with respect to the profits owed.

As set forth above, plaintiff has not pleaded a conversion claim, and the proposed amendment would be futile. Accordingly, plaintiff's motion to amend the complaint to add the conversion claim is denied.

## IV. Conclusion

For the reasons set forth above, plaintiff's motion to amend the complaint (Dkt. 40) is GRANTED IN PART as to the fraud and constructive fraud claims, and DENIED IN PART as to the conversion claim.

IT IS SO ORDERED.

Dated: March 27, 2017      s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
    United States District Judge

8

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 27, 2017.

s/Felicia M. Moses
FELICIA M. MOSES
Case Manager
