## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

David Nolan,

      Plaintiff,

v.

Davis Ronald Thomas,

      Defendant.

_____/

Case No. 16-cv-12224

Hon. Judith E. Levy

Magistrate Judge Stephanie Dawkins

## RECEIVER'S FINAL REPORT AND MOTION TO (1) TERMINATE RECEIVERSHIP; (2) APPROVE ACTIONS OF RECEIVER; (3) APPROVE THE FINAL ACCOUNTING; (4) DISCHARGE THE RECEIVER; (5) DISTRIBUTE REMAINING PROCEEDS; AND (6) BAR POST-RECEIVERSHIP CLAIMS

NOW COMES, Charles D. Bullock, the court-appointed receiver in the above captioned matter (the "Receiver"), who states as follows:

This Final Report and Motion to (1) Terminate Receivership; (2) Approve Actions of Receiver; (3) Approve the Final Accounting; (4) Discharge the Receiver; (5) Distribute Remaining Proceeds; and (6) Bar Post-Receivership Claims (the "Motion to Terminate") is furnished pursuant the *Stipulated Order Appointing Receiver and Defining Scope of Receiver's Duties* dated February 13, 2017, Docket #35 and the *Stipulated Order Regarding Receivership Report* dated October 25, 2017, Docket #78 (collectively, the "Receivership Orders").

1

## BACKGROUND

1.     On June 16, 2016, Plaintiff, David Nolan, (the "Plaintiff") filed a complaint against Defendant, Davis Ronald Thomas, (the "Defendant"), thereby initiating the above captioned proceeding.  Subsequently, the Court entered the Receivership Orders.

2.     The Receiver met with (telephonically and in person, when geographically reasonable) and engaged in ongoing communication with the parties and their respective counsel regarding the subject matter of the Receivership.

3.     The Receiver received and reviewed a substantial amount of documentation from the parties regarding the subject matter of the Receivership. Substantially all of this documentation has been shared with counsel for the parties.

4.     The Receiver met with (telephonically and in person) and engaged in ongoing communication with representatives of the third-party management company, Epic Property Management, LLC, (the "Property Manager") regarding the subject matter of the Receivership.

5.     The Receiver received and reviewed a substantial amount of documentation from the Property Manager regarding the subject matter of the Receivership. Substantially all of this documentation has been shared with counsel for the parties.

6.     The Receiver viewed, on multiple occasions, each property of the Receivership.

7.     The Receiver participated in the sale of the following: (a) 15254 Champaign Road, Allen Park, MI pursuant to Stipulated Order, Docket #46; (b) 317 Helen Avenue, Trenton, MI pursuant to Stipulated Order, Docket #73; (c) 1602 Richmond Street, Southgate, MI pursuant to Stipulated Order, Docket #76; (d) 6579 Kolb, Allen Park, MI pursuant to Stipulated Order, Docket #77; and (e) 13693 Argyle, Southgate, MI pursuant to Stipulated Order, Docket #77.

8.     During the pendency of the Receivership, the Receiver provided the Court and all parties in interest with reports regarding his activity as Receiver and the financial position of the Receivership Estate (collectively, the "Reports").  See Docket #s 51, 85, and 100.

9.     Both Plaintiff and Defendant moved this Court for summary judgment. On June 26, 2018, the Court entered its *Opinion and Order Granting in Part and Denying in Part Cross Motions for Summary Judgment [81] [87] and Denying Plaintiff's Motion for Leave to Amend [106]*, Docket #111 and *Judgment*, Docket #112.  Pursuant to the Judgment, this case was dismissed with prejudice.

*10.*     On July 17, 2018 this Court entered its *Order Denying Plaintiff's Motion for Reconsideration [113] and Denying Defendant's Motion for Leave to*

3

*File a Response to Plaintiff's Motion for Reconsideration [114]*, Docket #115. However, the Court has not formerly discharged the Receiver.

11.     Attached hereto as **Exhibit 2**, is a final accounting of the receivership estate, which consists of a summary of the receipts and disbursements during the receivership.

12.     As of the filing of this Motion, the Receiver is holding $68,489.59 in the Stevenson & Bullock, P.L.C. Client Trust Account and there are funds held at PNC Bank. The PNC Bank Account is held in the name of Thomas Nolan LLC. As of the date of the filing of this Motion, there is $27,814.19 in the PNC Bank Account. The Receiver is the only party authorized to access, use, or otherwise withdraw funds from the Stevenson & Bullock, P.L.C. Client Trust Account and the PNC Bank Account. The Receiver intends to pay, from the funds on hand, the administrative expenses of the Receivership Estate, including outstanding fees in the amount of $1,000.00 to Stevenson & Bullock, P.L.C. and, subject to approval, the outstanding fees of Sarah Balmer, LLC, the Receiver's accounting professional. There will be additional fees and expenses incurred by the Receiver and his professionals until the receivership is terminated and Receiver discharged.

13.     The Receiver requested comments from both parties regarding the distribution of the funds on hand. Plaintiff's position is attached hereto as **Exhibit 3**. Defendant's position is attached hereto as **Exhibit 4**. The Defendant has also

4

requested that the Receiver transfer authority, access, use, and check signing authority in the PNC Bank Account to him.  The Receiver leaves it to this Court's sound discretion for direction as to where the remaining funds should be distributed.

14.     The Receiver is providing notice of this Motion to all parties in interest via first class mail and through the Court's electronic filing system.

## Relief Requested

15.     The Receiver requests that this Court enter an order, substantially in the form attached hereto as **Exhibit 1**, (i) terminating the receivership, (ii) approving the actions of the Receiver, (iii) approving the final accounting, (iv) discharging the Receiver, (v) distributing the remaining proceeds, (vi) barring post-receivership claims, and (vii) granting such other relief that is just and necessary.

## Basis for Relief

16.     The Receivership Order provides, in pertinent part, that "This Receivership shall continue until the Receiver submits a final accounting of the Receivership Property and other findings or until further order of this Court." Docket #35, ¶34.

17.     The Court has entered its *Judgment* and *Order Denying Plaintiff's Motion for Reconsideration [113] and Denying Defendant's Motion for Leave to File a Response to Plaintiff's Motion for Reconsideration [114]* thereby adjudicating the dispute among the parties that was the subject of the above captioned proceeding.

18.     In addition, to date, the Receiver has acted in accordance with the Receivership Order and every further order of this Court in this case. The Receiver has also kept the Court apprised of all of his actions in this matter by filing the Reports; therefore, all claims and causes of action against the Receiver and his accountants, agents, attorneys, successors, officers, directors, special deputies and assigns for any and all actions taken and not taken throughout the duration of this receivership case, shall be completely and forever barred.

19.     Because the grounds for the receivership no longer exist and the Receiver has fulfilled all of his duties under the Receivership Order, the receivership should be terminated and the Receiver should be discharged and relieved of all of his duties, responsibilities and obligations.

### Conclusion

20.     For the reasons stated above, the Receiver requests that this Court enter an order, substantially in the form attached hereto as **Exhibit 1**, (i) terminating the receivership, (ii) approving the actions of the Receiver, (iii) approving the final accounting, (iv) discharging the Receiver, (v) distributing the remaining proceeds, (vi) barring post-receivership claims, and (vii) granting such other relief that is just and necessary.

6

Respectfully submitted,
**STEVENSON & BULLOCK, P.L.C.**

By: /s/ Charles D. Bullock
Charles D. Bullock (P55550)
Court Appointed Receiver
26100 American Drive, Suite 500
Southfield, MI 48034
Phone: (248) 354-7906
Facsimile: (248) 354-7907
Email: cbullock@sbplclaw.com

Dated: August 15, 2018

7

# Exhibit 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

David Nolan,

        Plaintiff,

v.

Davis Ronald Thomas,

        Defendant.

_____/

Case No. 16-cv-12224

Hon. Judith E. Levy

Magistrate Judge Stephanie Dawkins

**ORDER GRANTING RECEIVER'S FINAL REPORT AND MOTION TO (1) TERMINATE RECEIVERSHIP; (2) APPROVE ACTIONS OF RECEIVER; (3) APPROVE THE FINAL ACCOUNTING; (4) DISCHARGE THE RECEIVER; (5) DISTRIBUTE REMAINING PROCEEDS; AND (6) BAR POST-RECEIVERSHIP CLAIMS**

This matter is based on the Motion to (1) Terminate Receivership; (2) Approve Actions of Receiver; (3) Approve the Final Accounting; (4) Discharge the Receiver; (5) Distribute Remaining Proceeds; and (6) Bar Post-Receivership Claims (the "Motion to Terminate") (the "Motion") of Charles D. Bullock, in his capacity as Receiver ("Receiver"); the Court has reviewed the Motion and finds good cause for the issuance of this Order.

NOW, THEREFORE,

IT IS HEREBY ORDERED AND ADJUDGED as follows:

7

1.     The receivership of Receivership Property (as such term is defined in the Receivership Orders) (the "Receivership Estate") is terminated, the Receiver is discharged, his bond terminated, and the Receivership Estate is closed.

2.     All actions taken or not taken by the Receiver and his professionals, including, without limitation, his attorneys and accounting professionals, throughout the duration of the Receivership Estate are approved, and such actions taken and not taken have been properly executed and have met the requirements of this Court's orders regarding such issues, including but not limited to this Court's *Stipulated Order Appointing Receiver and Defining Scope of Receiver's Duties* dated February 13, 2017, Docket #35 and the *Stipulated Order Regarding Receivership Report* dated October 25, 2017, Docket #78 and any amendments, supplements and revisions thereto (collectively, the "Receivership Orders") and the laws of the State of Michigan in general, as ascertained by and reviewed by this Court through the date of this Order.

3.     The Receiver and his professionals, including, without limitation, his attorneys and accounting professionals, are fully, finally and unconditionally discharged and released from any duties, obligations and liabilities with respect to the Receivership Estate.

4.     All claims and causes of action against Receiver and his professionals, including, without limitation, his attorneys and accounting professionals, for any and

8

all actions taken and not taken throughout the duration of the Receivership Estate shall be completely and forever barred, and from and after entry of this Order terminating the receivership, Receiver shall have no further responsibilities or obligations under the Receivership Orders and the laws of the State of Michigan in general with respect to any matter relating to or arising from this receivership and the Receivership Estate.

5.     After payment of final administrative expenses, the Receiver is authorized and shall remit the remaining Receivership Estate proceeds, presently held in the Stevenson & Bullock, P.L.C. Client Trust Account and PNC Bank Account, to _____.

6.     The Receiver is authorized and directed to transfer authority, access, use, and check signing authority in the PNC Account to _____.

7.     No further reports shall be required of Receiver to any person or entity, including but not limited to reports to this Court.

8.     The Court retains jurisdiction to enforce any provision herein.

That this resolves all pending matters.

DATED: _____          _____
                                 Hon. Judith E. Levy
                                 United States District Judge

9

# Exhibit 2

## Nolan v Thomas
## Stevenson & Bullock Trust Account

| Date | Transaction Type | Num | Name | Memo/Description | Account | Clr | Amount | Balance |
|------|------------------|-----|------|------------------|---------|-----|--------|---------|
| **Bank of America Nolan Receivership** | | | | | | | | |
| 12/15/2017 | Deposit | | Defendant Ronald Thomas | | Bank of America - Client Trust Acct | | 22,477.95 | 22,477.95 |
| 12/18/2017 | Deposit | | MacWilliams Law PC | | Bank of America - Client Trust Acct | | 22,477.95 | 44,955.90 |
| 06/21/2018 | Check | 6133 | Ronald Thomas | | Bank of America - Client Trust Acct | 11,314.80 | | 33,641.10 |
| 07/19/2018 | Check | 6135 | Stevenson & Bullock PLC | | Bank of America - Client Trust Acct | 3,625.00 | | 30,016.10 |
| 08/03/2018 | Transfer | | | To Close Hantz Account | Bank of America - Client Trust Acct | | 23,533.63 | 53,549.73 |
| 08/09/2018 | Transfer | | | To Close Hantz Account | Bank of America - Client Trust Acct | | 0.06 | 53,549.79 |
| **Bank of America Nolan Total** | | | | | | $ 14,939.80 | $ 68,489.59 | $ 53,549.79 |

## Nolan v Thomas
## Hantz Bank

| Date | Transaction Type | Num | Name | Memo/Description | Account | Clr | Amount | Balance |
|---|---|---|---|---|---|---|---|---|
| **Hantz Bank - Nolan** | | | | | | | | |
| 04/26/2017 | Deposit | | Leading Edge Title Agency | | Hantz Bank - Nolan | | 40,732.75 | 40,732.75 |
| 06/26/2017 | Check | 200050613 | Stevenson & Bullock PLC | | Hantz Bank - Nolan | | -15,652.69 | 25,080.06 |
| 07/17/2017 | Check | 200050732 | Stevenson & Bullock PLC | | Hantz Bank - Nolan | | -13,020.14 | 12,059.92 |
| 08/07/2017 | Check | 200052128 | Stevenson & Bullock PLC | | Hantz Bank - Nolan | | -8,753.09 | 3,306.83 |
| 09/08/2017 | Deposit | | Leading Edge Title Agency | | Hantz Bank - Nolan | | 3,390.00 | 6,696.83 |
| 09/08/2017 | Deposit | | | | Hantz Bank - Nolan | | 15,109.96 | 21,806.79 |
| 09/25/2017 | Deposit | | Refund | | Hantz Bank - Nolan | | 345.00 | 22,151.79 |
| 09/25/2017 | Deposit | | Leading Edge Title Agency | | Hantz Bank - Nolan | | 35,726.90 | 57,878.69 |
| 10/02/2017 | Deposit | | | | Hantz Bank - Nolan | | 287.80 | 58,166.49 |
| 10/02/2017 | Check | 200052496 | Ronald Thomas | | Hantz Bank - Nolan | | -7,497.65 | 50,668.84 |
| 10/11/2017 | Check | 200052557 | Stevenson & Bullock PLC | | Hantz Bank - Nolan | | -11,702.67 | 38,966.17 |
| 11/15/2017 | Deposit | | | | Hantz Bank - Nolan | | 2,276.80 | 41,242.97 |
| 12/12/2017 | Deposit | | | | Hantz Bank - Nolan | | 1,176.18 | 42,419.15 |
| 12/18/2017 | Check | 200052973 | Stevenson & Bullock PLC | | Hantz Bank - Nolan | | -18,920.00 | 23,499.15 |
| 08/01/2018 | Deposit | | | | Hantz Bank - Nolan | | 34.54 | 23,533.69 |
| 08/09/2018 | Transfer | | | To Close Account | Hantz Bank - Nolan | | -23,533.63 | 0.06 |
| 08/09/2018 | Transfer | | | To Close Account | Hantz Bank - Nolan | | -0.06 | 0.00 |
| **Total for Hantz Bank - Nolan** | | | | | | | $ 0.00 | |
| **TOTAL** | | | | | | | $ 0.00 | |

Tuesday, Aug 14, 2018 02:13:45 PM GMT-7

Nolan v ThomasPNC Bank

| Date | Ref No. | Payee | Memo | Class | Payment | Deposit | Reconciliation Status | Balance | Type | Account |
|---|---|---|---|---|---|---|---|---|---|---|
| 06/25/2018 | 2376 | Stevenson & Bullock PLC | | Nolan Receivership | 2,625.00 | | Reconciled | 20,766.99 | Check | Legal & Professional Services |
| 06/19/2018 | | Epic Property | | Nolan Receivership | | 3,373.00 | Reconciled | 23,411.99 | Deposit | Income |
| 06/19/2018 | | Epic Property | | Nolan Receivership | | 5,420.00 | Reconciled | 20,038.99 | Deposit | Income |
| 06/11/2018 | ACH | Credit Card Payment | | Nolan Receivership | 53.00 | | Reconciled | 14,618.99 | Check | Expenses |
| 06/01/2018 | SVCCHRG | PNC Bank | Service Charge Corp ACH Mbc Payments MI | Nolan Receivership | 15.00 | | Reconciled | 14,671.99 | Check | Bank Charges & Fees |
| 06/01/2018 | ACH | Michigan Business | Business | Nolan Receivership | 2,192.61 | | Reconciled | 14,686.99 | Check | Expense |
| 05/17/2018 | | Epic Property | | Nolan Receivership | | 3,438.00 | Reconciled | 16,879.60 | Deposit | Income |
| 05/17/2018 | | Epic Property | | Nolan Receivership | | 5,470.00 | Reconciled | 13,441.60 | Deposit | Income |
| 05/11/2018 | ACH | Credit Card Payment | | Nolan Receivership | 466.00 | | Reconciled | 7,971.60 | Check | Expenses |
| 05/01/2018 | SVCCHRG | PNC Bank | Service Charge Corp ACH Mbc Payments MI | Nolan Receivership | 15.00 | | Reconciled | 8,437.60 | Check | Bank Charges & Fees |
| 05/01/2018 | ACH | Michigan Business | Business | Nolan Receivership | 2,192.61 | | Reconciled | 8,452.60 | Check | Expense |
| 04/18/2018 | | Epic Property | | Nolan Receivership | | 3,247.17 | Reconciled | 10,645.21 | Deposit | Income |
| 04/18/2018 | | Epic Property | | Nolan Receivership | | 5,470.00 | Reconciled | 7,398.04 | Deposit | Income |
| 04/17/2018 | 2375 | Stevenson & Bullock PLC | | Nolan Receivership | 5,515.00 | | Reconciled | 1,928.04 | Check | Legal & Professional Services |
| 04/02/2018 | 2374 | Stevenson & Bullock PLC | | Nolan Receivership | 2,670.00 | | Reconciled | 7,443.04 | Check | Legal & Professional Services |
| 04/02/2018 | ACH | Credit Card Payment | Corp ACH Mbc Payments MI | Nolan Receivership | 53.00 | | Reconciled | 10,113.04 | Check | Expenses |
| 04/02/2018 | ACH | Michigan Business | Business | Nolan Receivership | 2,192.61 | | Reconciled | 10,166.04 | Check | Expense |
| 04/01/2018 | SVCCHRG | PNC Bank | Service Charge | Nolan Receivership | 15.00 | | Reconciled | 12,358.65 | Check | Bank Charges & Fees |
| 03/19/2018 | | Epic Property | | Nolan Receivership | | 2,961.80 | Reconciled | 12,373.65 | Deposit | Income |
| 03/19/2018 | | Epic Property | Corp ACH Mbc Payments MI | Nolan Receivership | | 5,192.40 | Reconciled | 9,411.85 | Deposit | Income |
| 03/02/2018 | ACH | Michigan Business | Business | Nolan Receivership | 2,192.61 | | Reconciled | 4,219.45 | Check | Expense |
| 03/01/2018 | SVCCHRG | PNC Bank | Service Charge | Nolan Receivership | 15.00 | | Reconciled | 6,412.06 | Check | Bank Charges & Fees |
| 02/22/2018 | 2373 | Stevenson & Bullock PLC | | Nolan Receivership | 2,850.00 | | Reconciled | 6,427.06 | Check | Legal & Professional Services |
| 02/20/2018 | | Epic Property | | Nolan Receivership | | 1,230.57 | Reconciled | 9,277.06 | Deposit | Income |
| 02/20/2018 | | Epic Property | | Nolan Receivership | | 6,590.00 | Reconciled | 8,046.49 | Deposit | Income |
| 02/15/2018 | 2576 | City of Wyandotte | | Nolan Receivership | 768.51 | | Reconciled | 1,456.49 | Check | Taxes & Licenses |
| 02/15/2018 | 2372 | City of Harper Woods | | Nolan Receivership | 2,496.26 | | Reconciled | 2,225.00 | Check | Taxes & Licenses |
| 02/15/2018 | 2371 | City of Lincoln Park | | Nolan Receivership | 438.48 | | Reconciled | 4,721.26 | Check | Taxes & Licenses |
| 02/15/2018 | 2370 | City of Allen Park | | Nolan Receivership | 607.75 | | Reconciled | 5,159.74 | Check | Taxes & Licenses |
| 02/15/2018 | 2369 | City of Allen Park | | Nolan Receivership | 614.93 | | Reconciled | 5,767.49 | Check | Taxes & Licenses |
| 02/15/2018 | 2368 | City of Wyandotte | | Nolan Receivership | 781.60 | | Reconciled | 6,382.42 | Check | Taxes & Licenses |
| 02/15/2018 | 2367 | City of Wyandotte | | Nolan Receivership | 1,152.77 | | Reconciled | 7,164.30 | Check | Taxes & Licenses |
| 02/13/2018 | 2575 | City of Dearborn | | Nolan Receivership | 374.74 | | Reconciled | 8,317.07 | Check | Taxes & Licenses |
| 02/06/2018 | 2574 | Ronald Thomas | | Nolan Receivership | 3,795.02 | | Reconciled | 8,691.81 | Check | Reimbursable Expenses |
| 02/06/2018 | 2573 | Ronald Thomas | | Nolan Receivership | 179.75 | | Reconciled | 12,486.83 | Check | Reimbursable Expenses |
| 02/06/2018 | ACH | Credit Card Payment | | Nolan Receivership | 53.00 | | Reconciled | 12,666.58 | Check | Expenses |
| 02/01/2018 | SVCCHRG | PNC Bank | Service Charge Corp ACH Mbc Payments MI | Nolan Receivership | 15.00 | | Reconciled | 12,719.58 | Check | Bank Charges & Fees |
| 02/01/2018 | ACH | Michigan Business | Business | Nolan Receivership | 2,192.61 | | Reconciled | 12,734.58 | Check | Expense |
| 01/18/2018 | | Epic Property | | Nolan Receivership | | 3,308.94 | Reconciled | 14,927.19 | Deposit | Income |
| 01/18/2018 | | Epic Property | | Nolan Receivership | | 3,517.97 | Reconciled | 11,618.25 | Deposit | Income |
| 01/05/2018 | 2572 | Stevenson & Bullock PLC | | Nolan Receivership | 3,025.75 | | Reconciled | 8,100.28 | Check | Legal & Professional Services |
| 01/05/2018 | ACH | Credit Card Payment | Corp ACH Mbc Payments MI | Nolan Receivership | 121.17 | | Reconciled | 11,126.03 | Check | Expenses |
| 01/02/2018 | ACH | Michigan Business | Business | Nolan Receivership | 2,192.61 | | Reconciled | 11,247.20 | Check | Expense |
| 01/01/2018 | SVCCHRG | PNC Bank | Service Charge | Nolan Receivership | 15.00 | | Reconciled | 13,439.81 | Check | Bank Charges & Fees |
| 12/18/2017 | | Epic Property | | Nolan Receivership | | 3,420.25 | Reconciled | 13,454.81 | Deposit | Income |
| 12/18/2017 | | Epic Property | | Nolan Receivership | | 5,345.00 | Reconciled | 10,034.56 | Deposit | Income |
| 12/07/2017 | 2571 | Patrick Foley | | Nolan Receivership | 6,392.50 | | Reconciled | 4,689.56 | Check | Expenses |
| 12/04/2017 | 2570 | Ronald Thomas | | Nolan Receivership | 4,920.02 | | Reconciled | 11,052.06 | Check | Reimbursable Expenses |
| 12/01/2017 | SVCCHRG | PNC Bank | Service Charge Corp ACH Mbc Payments MI | Nolan Receivership | 15.00 | | Reconciled | 15,976.08 | Check | Bank Charges & Fees |
| 12/01/2017 | ACH | Michigan Business | Business | Nolan Receivership | 2,192.61 | | Reconciled | 15,993.08 | Check | Expense |
| 11/17/2017 | | Epic Property | | Nolan Receivership | | 3,548.00 | Reconciled | 18,185.69 | Deposit | Income |
| 11/17/2017 | | Epic Property | | Nolan Receivership | | 5,329.74 | Reconciled | 14,637.69 | Deposit | Income |
| 11/14/2017 | 2569 | Stevenson & Bullock PLC | | Nolan Receivership | 7,575.00 | | Reconciled | 9,307.95 | Check | Legal & Professional Services |
| 11/09/2017 | ACH | Credit Card Payment | | Nolan Receivership | 109.00 | | Reconciled | 16,882.95 | Check | Expenses |
| 11/03/2017 | | Epic Property | | Nolan Receivership | | 300.00 | Reconciled | 16,998.95 | Deposit | Income |
| 11/03/2017 | | Epic Property | | Nolan Receivership | | 300.00 | Reconciled | 16,668.95 | Deposit | Income |
| 11/01/2017 | SVCCHRG | PNC Bank | Service Charge Corp ACH Mbc Payments MI | Nolan Receivership | 15.00 | | Reconciled | 16,368.95 | Check | Bank Charges & Fees |
| 11/01/2017 | ACH | Michigan Business | Business | Nolan Receivership | 2,192.61 | | Reconciled | 16,403.95 | Check | Expense |
| 10/20/2017 | 2568 | Great Lakes Insurance Co | | Nolan Receivership | 562.00 | | Reconciled | 18,596.56 | Check | Insurance |
| 10/20/2017 | 2567 | Great Lakes Insurance Co | | Nolan Receivership | 469.00 | | Reconciled | 19,158.56 | Check | Insurance |
| 10/20/2017 | 2566 | Foremost Insurance Co | | Nolan Receivership | 330.00 | | Reconciled | 19,627.56 | Check | Insurance |
| 10/18/2017 | | Epic Property | | Nolan Receivership | | 4,431.06 | Reconciled | 19,957.56 | Deposit | Income |
| 10/18/2017 | | Epic Property | | Nolan Receivership | | 6,641.50 | Reconciled | 15,526.50 | Deposit | Income |

| Date | Num | Payee | Memo | Account | Payment | Deposit | Status | Balance | Type | Category |
|---|---|---|---|---|---|---|---|---|---|---|
| 10/04/2017 | 2564 | City of Wyandotte | 2017 Summer Taxes #57003010187002 | Nolan Receivership | 2,186.06 | | Reconciled | 8,884.01 | Check | Expense |
| 10/04/2017 | 2563 | City of Wyandotte | 2017 Summer Taxes #57015240005303 | Nolan Receivership | 2,205.80 | | Reconciled | 11,052.07 | Check | Expense |
| 10/04/2017 | 2562 | City of Wyandotte | 2017 Summer Taxes #57015100035001 | Nolan Receivership | 3,252.09 | | Reconciled | 13,257.87 | Check | Expense |
| 10/02/2017 | ACH | Michigan Business | Corp ACH Mbc Payments MI Business | Nolan Receivership | 2,192.61 | | Reconciled | 16,509.96 | Check | Expense |
| 10/01/2017 | SVCCHRG | PNC Bank | Service Charge | Nolan Receivership | 15.00 | | Reconciled | 18,702.57 | Check | Bank Charges & Fees |
| 09/25/2017 | 2565 | Great Lakes Insurance Co | | Nolan Receivership | 144.75 | | Reconciled | 18,717.57 | Check | Insurance |
| 09/19/2017 | | Epic Property | | Nolan Receivership | | 4,554.00 | Reconciled | 18,862.32 | Deposit | Income |
| 09/19/2017 | | Epic Property | | Nolan Receivership | | 6,816.00 | Reconciled | 14,308.32 | Deposit | Income |
| 09/15/2017 | ACH | Corporate ACH Bill Payment | | Nolan Receivership | 3,604.90 | | Reconciled | 7,492.32 | Check | Expense |
| 09/12/2017 | 2561 | City of Dearborn | | Nolan Receivership | 3,031.90 | | | 10,497.22 | Check | Taxes & Licenses |
| 09/12/2017 | 2560 | City of Harper Woods | | Nolan Receivership | 723.66 | | Reconciled | 13,490.12 | Check | Taxes & Licenses |
| 09/12/2017 | 2559 | Stevenson & Bullock PLC | | Nolan Receivership | 7,825.00 | | Reconciled | 14,222.78 | Check | Legal & Professional Services |
| 09/12/2017 | | lending Home Services | | Nolan Receivership | | 611.39 | Reconciled | 22,047.78 | Deposit | Income |
| 09/08/2017 | ACH | Credit Card Payment | | Nolan Receivership | 108.00 | | Reconciled | 21,436.42 | Check | Expenses |
| 09/01/2017 | SVCCHRG | PNC Bank | Service Charge | Nolan Receivership | 15.00 | | Reconciled | 21,542.42 | Check | Bank Charges & Fees |
| 09/01/2017 | ACH | lending Home Services | | Nolan Receivership | 770.00 | | Reconciled | 21,557.42 | Check | Expense |
| 09/01/2017 | ACH | lending Home Services | | Nolan Receivership | 770.00 | | Reconciled | 22,327.42 | Check | Expense |
| 09/01/2017 | ACH | lending Home Services | | Nolan Receivership | 765.54 | | Reconciled | 23,097.42 | Check | Expense |
| 08/01/2017 | ACH | Michigan Business | Corp ACH Mbc Payments MI Business | Nolan Receivership | 2,192.61 | | Reconciled | 23,862.96 | Check | Expense |
| 08/31/2017 | 2558 | City of Lincoln Park | | Nolan Receivership | 1,807.47 | | Reconciled | 26,055.57 | Check | Taxes & Licenses |
| 08/31/2017 | 2557 | City of Allen Park | | Nolan Receivership | 3,309.30 | | Reconciled | 28,053.04 | Check | Taxes & Licenses |
| 08/31/2017 | 2556 | City of Allen Park | | Nolan Receivership | 3,309.13 | | Reconciled | 31,452.43 | Check | Taxes & Licenses |
| 08/17/2017 | | | | Nolan Receivership | | 5,352.50 | Reconciled | 34,821.56 | Deposit | Income |
| 08/17/2017 | | | | Nolan Receivership | | 6,976.00 | Reconciled | 29,469.06 | Deposit | Income |
| 08/01/2017 | SVCCHRG | PNC Bank | Service Charge | Nolan Receivership | 25.00 | | Reconciled | 22,703.06 | Check | Bank Charges & Fees |
| 08/01/2017 | ACH | lending Home Services | | Nolan Receivership | 765.54 | | Reconciled | 22,818.06 | Check | Expense |
| 08/01/2017 | ACH | lending Home Services | | Nolan Receivership | 770.00 | | Reconciled | 23,583.60 | Check | Expense |
| 08/01/2017 | ACH | lending Home Services | | Nolan Receivership | 770.00 | | Reconciled | 24,353.60 | Check | Expense |
| 08/01/2017 | ACH | Michigan Business | Corp ACH Mbc Payments MI Business | Nolan Receivership | 2,192.61 | | Reconciled | 25,123.60 | Check | Expense |
| 07/31/2017 | 2555 | Ronald Thomas | | Nolan Receivership | 5,126.20 | | Reconciled | 27,316.21 | Check | Reimbursable Expenses |
| 07/31/2017 | 2554 | Great Lakes Insurance Co | | Nolan Receivership | 156.00 | | Reconciled | 32,442.50 | Check | Insurance |
| 07/10/2017 | 2553 | Ronald Thomas | | Nolan Receivership | 1,732.54 | | Reconciled | 32,598.50 | Check | Reimbursable Expenses |
| 07/10/2017 | 2552 | Foremost Insurance Co | | Nolan Receivership | 330.25 | | Reconciled | 34,331.04 | Check | Insurance |
| 07/10/2017 | 2551 | Foremost Insurance Co | | Nolan Receivership | 330.00 | | Reconciled | 34,661.29 | Check | Insurance |
| 07/10/2017 | 2550 | Wyandotte Municipal Services | | Nolan Receivership | 18.99 | | Reconciled | 34,991.29 | Check | Taxes & Licenses |
| 07/10/2017 | ACH | Credit Card Payment | | Nolan Receivership | 53.00 | | Reconciled | 35,010.18 | Check | Expenses |
| 07/05/2017 | ACH | lending Home Services | | Nolan Receivership | 770.00 | | Reconciled | 35,063.18 | Check | Expense |
| 07/05/2017 | ACH | lending Home Services | | Nolan Receivership | 770.00 | | Reconciled | 35,833.18 | Check | Expense |
| 07/05/2017 | | | | Nolan Receivership | | 6,816.00 | Reconciled | 36,603.18 | Deposit | Income |
| 07/03/2017 | ACH | Michigan Business | Corp ACH Mbc Payments MI Business | Nolan Receivership | 2,192.61 | | Reconciled | 29,787.18 | Check | Expense |
| 07/03/2017 | | | | Nolan Receivership | | 4,601.72 | Reconciled | 31,979.79 | Deposit | Income |
| 07/01/2017 | SVCCHRG | PNC Bank | Service Charge | Nolan Receivership | 75.00 | | Reconciled | 27,378.07 | Check | Bank Charges & Fees |
| 06/27/2017 | 2248 | Great Lakes Insurance Co | Oceana 10-2016-356 | Nolan Receivership | 144.75 | | Reconciled | 27,453.07 | Check | Insurance |
| 06/21/2017 | 2247 | API Consulting | QB set up spring 2016 | Nolan Receivership | 192.50 | | Reconciled | 27,597.82 | Check | Office Supplies & Software |
| 06/16/2017 | | | | Nolan Receivership | | 6,505.50 | Reconciled | 27,790.32 | Deposit | Income |
| 06/16/2017 | ACH | lending Home Services | | Nolan Receivership | 770.00 | | Reconciled | 21,284.82 | Check | Expense |
| 06/16/2017 | ACH | lending Home Services | | Nolan Receivership | 770.00 | | Reconciled | 22,054.82 | Check | Expense |
| 06/07/2017 | 2246 | Ronald Thomas | Reimb mortgage | Nolan Receivership | 343.77 | | Reconciled | 22,824.82 | Check | Expenses |
| 06/06/2017 | 2245 | Jason Suchan | Interest | Nolan Receivership | 754.40 | | Reconciled | 23,168.59 | Check | Expenses |
| 06/06/2017 | ACH | Credit Card Payment | | Nolan Receivership | 53.00 | | Reconciled | 23,922.99 | Check | Expenses |
| 06/02/2017 | ACH | Fed. Wire Out | Fed. Wire Out | Nolan Receivership | 1,060.00 | | Reconciled | 23,975.99 | Check | Expense |
| 06/01/2017 | SVCCHRG | PNC Bank | Service Charge | Nolan Receivership | 50.00 | | Reconciled | 25,035.99 | Check | Bank Charges & Fees |
| 06/01/2017 | ACH | lending Home Services | | Nolan Receivership | 765.54 | | Reconciled | 25,705.99 | Check | Expense |
| 06/01/2017 | ACH | Michigan Business | Corp ACH Mbc Payments MI Business | Nolan Receivership | 2,192.61 | | Reconciled | 26,471.53 | Check | Expense |
| 06/01/2017 | | | | Nolan Receivership | | 5,010.00 | Reconciled | 28,664.14 | Deposit | Income |
| 05/31/2017 | ACH | Fed Wire Out | Fed Wire Out | Nolan Receivership | 1,660.00 | | Reconciled | 23,654.14 | Check | Expenses |
| 05/31/2017 | | | | Nolan Receivership | | 1,680.00 | Reconciled | 25,334.14 | Deposit | Income |
| 05/22/2017 | 2244 | Dunrite HVAC | Country Club property | Nolan Receivership | 89.90 | | Reconciled | 23,654.14 | Check | Repairs & Maintenance |
| 05/17/2017 | 2241 | Kate Bogor | Fox Lease | Nolan Receivership | 250.00 | | Reconciled | 23,744.04 | Check | Expenses |
| 05/17/2017 | | | | Nolan Receivership | | 445.00 | Reconciled | 23,994.04 | Deposit | Income |
| 05/17/2017 | | | | Nolan Receivership | | 6,354.30 | Reconciled | 23,549.04 | Deposit | Income |
| 05/15/2017 | | | | Nolan Receivership | | 105.70 | Reconciled | 17,184.74 | Deposit | Income |

| Date | Num | Name | Memo | Account | Amount | Deposit | Status | Balance | Type | Category |
|---|---|---|---|---|---|---|---|---|---|---|
| 05/05/2017 | 2243 | Epic Property | Champagne Negative Balance at Sale | Nolan Receivership | 465.18 | | Reconciled | 17,078.95 | Check | Expenses |
| 05/03/2017 | ACH | Credit Card Payment | | Nolan Receivership | 405.68 | | Reconciled | 17,544.13 | Check | Expenses |
| 05/01/2017 | SVCCHRG | PNC Bank | Service Charge | Nolan Receivership | 62.00 | | Reconciled | 17,950.03 | Check | Bank Charges & Fees |
| 05/01/2017 | 2240 | Ronald Thomas | Country Club Mortgage | Nolan Receivership | 343.77 | | Reconciled | 18,012.03 | Check | Expenses |
| 05/01/2017 | 2239 | Jason Suchan | Interest | Nolan Receivership | 754.40 | | Reconciled | 18,355.80 | Check | Expenses |
| 05/01/2017 | ACH | lending Home Services | | Nolan Receivership | 765.54 | | Reconciled | 19,110.20 | Check | Expense |
| 05/01/2017 | ACH | lending Home Services | | Nolan Receivership | 770.00 | | Reconciled | 19,875.74 | Check | Expense |
| 05/01/2017 | ACH | lending Home Services | | Nolan Receivership | 770.00 | | Reconciled | 20,645.74 | Check | Expense |
| 05/01/2017 | ACH | Michigan Business | Corp ACH Mbc Payments MI Business | Nolan Receivership | 2,192.61 | | Reconciled | 21,415.74 | Check | Expense |
| 04/27/2017 | 2238 | Foremost Insurance Co | 8th Street Insurance | Nolan Receivership | 330.00 | | Reconciled | 23,608.35 | Check | Insurance |
| 04/25/2017 | 2237 | Great Lakes Insurance Co | Argyle Insurance | Nolan Receivership | 605.00 | | Reconciled | 23,938.35 | Check | Insurance |
| 04/20/2017 | 2236 | H. Woods | Country Club rental fee | Nolan Receivership | 150.00 | | Reconciled | 24,543.35 | Check | Expenses |
| 04/19/2017 | | Epic Property | | Nolan Receivership | | 5,975.60 | Reconciled | 24,693.35 | Deposit | Income |
| 04/05/2017 | 2233 | Great Lakes Insurance Co | Corona Insurance | Nolan Receivership | 144.75 | | Reconciled | 18,717.75 | Check | Insurance |
| 04/03/2017 | SVCCHRG | PNC Bank | Service Charge | Nolan Receivership | 50.00 | | Reconciled | 18,862.50 | Check | Bank Charges & Fees |
| 04/03/2017 | 2235 | Jason Suchan | Interest Country Club Mortgage | Nolan Receivership | 754.40 | | Reconciled | 18,912.50 | Check | Expenses |
| 04/03/2017 | 2234 | Ronald Thomas | Mortgage | Nolan Receivership | 343.77 | | Reconciled | 19,666.90 | Check | Expenses |
| 04/03/2017 | ACH | lending Home Services | | Nolan Receivership | 765.54 | | Reconciled | 20,010.67 | Check | Expense |
| 04/03/2017 | ACH | lending Home Services | | Nolan Receivership | 770.00 | | Reconciled | 20,776.21 | Check | Expenses |
| 04/03/2017 | ACH | lending Home Services | | Nolan Receivership | 770.00 | | Reconciled | 21,546.21 | Check | Expenses |
| 04/03/2017 | ACH | Michigan Business | Corp ACH Mbc Payments MI Business | Nolan Receivership | 2,192.61 | | Reconciled | 22,316.21 | Check | Expenses |
| 04/03/2017 | | | | Nolan Receivership | | 1,540.00 | Reconciled | 24,508.82 | Deposit | Income |
| 03/31/2017 | ACH | Credit Card Payment | Oak - $530.00 Champagne - | Nolan Receivership | 36.07 | | Reconciled | 22,968.82 | Check | Expenses |
| 03/29/2017 | 2231 | Great Lakes Insurance Co | $155.25 Insurance | Nolan Receivership | 665.25 | | Reconciled | 23,004.89 | Check | Insurance |
| 03/29/2017 | ACH | Fed Wire Out | Fed Wire Out | Nolan Receivership | 967.00 | | Reconciled | 23,690.14 | Check | Expenses |
| 03/17/2017 | | Epic Property | | Nolan Receivership | | 8,245.00 | Reconciled | 24,657.14 | Deposit | Income |
| 03/15/2017 | 2232 | Unknown | | Nolan Receivership | 1,160.00 | | Reconciled | 16,412.14 | Check | Expense |
| 03/15/2017 | | | | Nolan Receivership | | 1,160.00 | Reconciled | 17,572.14 | Deposit | Income |
| 03/06/2017 | 2230 | Unknown | | Nolan Receivership | 343.77 | | Reconciled | 16,412.14 | Check | Expense |
| 03/06/2017 | 2229 | Unknown | | Nolan Receivership | 754.40 | | Reconciled | 16,755.91 | Check | Expense |
| 03/06/2017 | | | | Nolan Receivership | | 1,540.00 | Reconciled | 17,510.31 | Deposit | Income |
| 03/03/2017 | ACH | lending Home Services | | Nolan Receivership | 765.54 | | Reconciled | 15,970.31 | Check | Expense |
| 03/03/2017 | ACH | lending Home Services | | Nolan Receivership | 770.00 | | Reconciled | 16,735.85 | Check | Expense |
| 03/03/2017 | ACH | lending Home Services | | Nolan Receivership | 770.00 | | Reconciled | 17,505.85 | Check | Expense |
| 03/01/2017 | SVCCHRG | | Service Charge | | 50.00 | | Reconciled | 18,275.85 | Check | Bank Charges & Fees |
| 03/01/2017 | ACH | Unknown | | Nolan Receivership | 2,192.61 | | Reconciled | 18,325.85 | Check | Expense |
| 02/27/2017 | 2228 | Unknown | | Nolan Receivership | 491.00 | | Reconciled | 20,518.46 | Check | Expense |
| 02/22/2017 | | | | Nolan Receivership | | 500.00 | Reconciled | 21,009.46 | Deposit | Sales |
| 02/21/2017 | ACH | | | Nolan Receivership | 53.00 | | Reconciled | 20,509.46 | Check | Expenses |
| 02/17/2017 | | Epic Property | | Nolan Receivership | | 7,290.00 | Reconciled | 20,562.46 | Deposit | Sales |
| 02/06/2017 | 2549 | Unknown | | Nolan Receivership | 343.77 | | Reconciled | 13,272.46 | Check | Expense |
| 02/06/2017 | 2548 | Unknown | | Nolan Receivership | 754.40 | | Reconciled | 13,616.23 | Check | Expense |
| 02/06/2017 | | | | Nolan Receivership | | 1,440.00 | Reconciled | 14,370.63 | Deposit | Sales |
| 02/02/2017 | 2547 | Unknown | | Nolan Receivership | 154.00 | | Reconciled | 12,930.63 | Check | Expense |
| 02/01/2017 | SVCCHRG | | Service Charge | | 50.00 | | Reconciled | 13,084.63 | Check | Bank Charges & Fees |
| 02/01/2017 | ACH | lending Home Services | | Nolan Receivership | 765.54 | | Reconciled | 13,134.63 | Check | Expense |
| 02/01/2017 | ACH | lending Home Services | | Nolan Receivership | 770.00 | | Reconciled | 13,900.17 | Check | Expense |
| 02/01/2017 | ACH | lending Home Services | | Nolan Receivership | 770.00 | | Reconciled | 14,670.17 | Check | Expense |
| 02/01/2017 | ACH | | | Nolan Receivership | 2,192.61 | | Reconciled | 15,440.17 | Check | Expense |
| 02/01/2017 | | | | Nolan Receivership | | 17,632.78 | Reconciled | 17,632.78 | Deposit | Opening Balance Equity |

# Exhibit 3

## Charles Bullock

| | |
|---|---|
| From: | Anissa Hudy |
| Sent: | Tuesday, July 24, 2018 4:52 PM |
| To: | Katherine Stefanou; 'Charles Bullock'; sm@macwilliamslaw.com; Mark Kowalsky |
| Subject: | RE: close out meeting |
| Attachments: | Position Statement 072418.pdf |

Katherine and Chuck,

See attached position statement.

Please contact us with any questions or comments.

**Anissa C. Hudy**
**Anissa C. Hudy, J.D., PLLC**
**PO Box 249**
**New Baltimore MI 48047**

**248.417.9154**
**www.hudylaw.com**
**https://www.linkedin.com/in/anissa1**

Notice: This e-mail message and any attachments are for the confidential use of the intended recipient. If that isn't you, please do not read the message or attachments, or distribute or act in reliance on them. If you have received this message by mistake, please immediately notify us and delete this message and any attachments. Thank you.

The United States Treasury Department has established rules regarding tax advice. We inform you here that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of avoiding tax-related penalties or promoting, marketing, or recommending to another person any transaction or matter addressed in this communication. If you would like tax advice upon which you can rely to avoid tax-related penalties, or that you can use in promoting a particular transaction to other persons, please contact us so that we may discuss the requirements the Treasury Department imposes upon that advice.

From: Katherine Stefanou <kstefanou@jaffelaw.com>
Sent: Tuesday, July 24, 2018 10:34 AM
To: 'Charles Bullock' <cbullock@sbplclaw.com>; Anissa Hudy <ahudy@hudylaw.com>; sm@macwilliamslaw.com; Mark Kowalsky <mkowalsky@jaffelaw.com>
Subject: RE: close out meeting

Chuck, it is our position that the funds should be returned to the Thomas Nolan LLC bank account.

1

**Katherine A. Stefanou**
Jaffe Raitt Heuer & Weiss, P.C.
27777 Franklin Road – Suite 2500
Southfield, MI 48034
D: 248.727.1603
F: 248.351.3082
kstefanou@jaffelaw.com
www.jaffelaw.com

50 Years (1968-2018) Celebrating the Past – Focused on the Future.

Signature: Nothing in this communication is intended to constitute an electronic signature.
This email does not establish a contract or engagement.

Confidentiality: This communication may contain confidential privileged information intended for the named recipient(s) only.
If you received this by mistake, please destroy it and notify us of the error.

**From:** Charles Bullock <cbullock@sbplclaw.com>
**Sent:** Friday, July 20, 2018 3:52 PM
**To:** Anissa Hudy <ahudy@hudylaw.com>; sm@macwilliamslaw.com; Mark Kowalsky <mkowalsky@jaffelaw.com>; Katherine Stefanou <kstefanou@jaffelaw.com>
**Subject:** RE: close out meeting

I will be filing a final report in the next ten (10) days; thereafter, I will seek an order deeming the Receivership terminated.

The remaining question is: To whom should I turn the funds on hand over to? I would like for each side to state its position in writing, by Tuesday, July 24, 2018 at 5:00 p.m., so I may accurately represent the position of Plaintiff and Defendant to the Court, if there is a disagreement. Obviously, I would prefer that both sides agree, so I don't have to ask the Court to decide.

I do have a question about standing; however, I think that issue is moot, if we are able to consensually dispose of the balance orf the Receivership issues.

Charles D. Bullock,
Stevenson & Bullock, P.L.C.
26100 American Drive, Suite 500
Southfield, MI 48034

(248) 354-7906 ext. 2224
(248) 354-7906 ext. 2225 (Assistant: Leslie Haas)
(248) 354-7907 (Facsimile)
(248) 240-4126 (Cell)

PRIVILEGE AND CONFIDENTIALITY NOTICE
Attention: Pursuant to the electronic and communication privacy act of 1986, 18 U.S.C. § 2510, et seq. (the "ECPA"), you are notified that this e-mail may contain privileged and confidential information intended recipient of this e-mail, you are hereby notified that dissemination or copying of this e-mail or any attachment is strictly prohibited. If you have received this e-mail in error, please immediately notify me by telephone at (248)354-7906 ext. 2224, and if you receive this transmission in error, contact the sender immediately, delete the original and destroy any printout or copy you may have (including your trash). Neither this information block, the typed name of the sender, or anything else in this message is intended to, nor shall it constitute an electronic signature on the part of the sender for purposes of any local, state, or federal laws including, but limited to the Electronic Signatures in Global and National Commerce Act ("E-Sign") unless a specific statement to the contrary is included in this message. Thank You.

2

**From:** Anissa Hudy [mailto:ahudy@hudylaw.com]
**Sent:** Friday, July 20, 2018 3:24 PM
**To:** Charles Bullock <cbullock@sbplclaw.com>; sm@macwilliamslaw.com; Mark L. Kowalsky <mkowalsky@jaffelaw.com>; kstefanou@jaffelaw.com
**Subject:** RE: close out meeting

Chuck,

We are available late Monday.

From your prior email, I understand you are on vacation starting Wed. Our next availability, then, after your vacation is starting July 31.


**From:** Charles Bullock <cbullock@sbplclaw.com>
**Sent:** Wednesday, July 18, 2018 10:55 AM
**To:** sm@macwilliamslaw.com; Anissa Hudy <ahudy@hudylaw.com>; Mark L. Kowalsky <mkowalsky@jaffelaw.com>; kstefanou@jaffelaw.com
**Subject:** Re: close out meeting

Please see below. I am soliciting comments from both side incident to Mr. Thomas' email.

Chuck

> Charles D. Bullock
>
> Stevenson & Bullock, P.L.C.
>
> 26100 American Drive, Suite 500
>
> Southfield, MI 48034
>
>
> (248) 354-7906 ext. 2224
>
> (248) 354-7906 ext. 2225(Assistant: Leslie Haas)
>
> (248) 354-7907 (Facsimile)
>
> (248) 240-4126 (Cell)
>
>
> On Jul 18, 2018, at 7:57 AM, ronald thomas <rtbmx1@yahoo.com> wrote:
>
>> Good morning Chuck,
>>
>> Now that the Court has denied Nolan's motion for reconsideration, its my understanding that your work is just about finished and we can meet so that I can collect funds held and get the PNC account signed back over. Does this Friday or sometime early next week work for you?

3

It may save us some trouble if I arrange an appointment with the same bank manager that helped sign the TN account over to you initially, however that would require you to drive down to Southgate. Alternatively, if you would prefer I don't mind driving to a PNC branch up your way. Just let me know what you think is best. Thank you,

Ron Thomas
www.riseabovebmx.com
www.aganation.com
cell - 734 752 9308
fax - 814 690 1511

Neither the information in this block, the typed name of the sender, nor anything else in this message is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

DAVID NOLAN,

      Plaintiff/Counter-Defendant,      Case No. 5:16-cv-12224-JEL-SDD

v                             Hon. Judith E. Levy

RONALD THOMAS,           Magistrate Judge Stephanie Dawkins Davis

      Defendant/Counter-Plaintiff.

---

### DAVID NOLAN'S POSITION STATEMENT REGARDING DELIVERY OF RECEIVERSHIP FUNDS/ASSETS

Plaintiff, David Nolan ("**Plaintiff**" or "**Nolan**"), through his counsel, sets forth the following as his Position Statement Regarding Delivery of Receivership Funds/Assets:

First, Receiver has raised the issue of standing. Plaintiff disputes that standing is an issue and, thus, not appropriately raised. That said, though, the issue of standing was addressed by the Court, and the Court ruled that Plaintiff had proper standing. More specifically, the Court stated at page 8 of the Opinion and Order Granting in Part and Denying in Part Cross Motions for Summary Judgment (Dkt. 111) that there is no merit to the argument that Plaintiff lacks standing. The Court stated, in pertinent part:

> Instead, plaintiff brings his claims to remedy an injury he suffered when he did not recover the funds he invested in his business relationship with defendant. It does not matter that plaintiff obtained those funds from a third party because, once given to him, they were his funds until repaid. Accordingly, losing those funds was an injury sufficient to establish standing.
>
> The second and third elements of standing are also satisfied here. Plaintiff alleges he was unable to recover the funds as a result of defendant's malfeasance, and, if the Court were to find in his favor,

it could issue a judgment for damages that would compensation for his losses.

For these reasons, plaintiff has standing to pursue this case.

Thus, standing is not an issue.

Second, the Receivership Property (i.e. funds, assets and other property) should be delivered to Plaintiff and Defendant, jointly, to be held and managed, jointly, for the operation of the Thomas Nolan LLC ("**LLC**" or "**Thomas Nolan LLC**"). Such action is consistent with the Court's findings that (a) "Plaintiff's initial investment in the venture went directly into the LLC, and that LLC went into operation by purchasing most of the properties identified in the receiver's report . . . The business never existed independent of the LLC" (Dkt. 111 at 14) and (b) the parties were working the LLC (Dkt. 111 at 14). And, further, such action is consistent with the Court's finding that "the evidence shows that plaintiff and defendant had a business relationship that operated through an LLC. This relationship obligated each with a duty of care to the other" (Dkt. 111 at 15). In fact, the Court found that "there is no dispute of fact that the parties' business relationship operated through an LLC . . . ." (Dkt. 111 at 33). Thus, Plaintiff and Defendant have a business relationship through the LLC.

Moreover, the Court recognized, as determined by the Receiver, that Plaintiff's "financial contributions to the parties' relationship went directly to Rise Above Asset Management LLC, and then later to Thomas Nolan LLC" (Dkt. 115 at 7). Thus, once again, the Court recognized that Plaintiff directly contributed to the parties' business relationship which eventually operated as Thomas Nolan LLC.

Third, the Stipulated Order Appointing Receiver (Dkt. 35) charged the Receiver with certain duties during the term of the receivership. Such duties include safeguarding, possessing, controlling, and managing the Receivership Property including without limitation, all monies held

2

in any escrow or other accounts, including, without limitation, security deposits and other monies relating in any way to the Receivership Property, as defined by the Stipulated Order Appointing Receiver. Thus, upon termination of the Receivership, the Receiver has a duty to transition the management and control of the Receivership Property, and such transition must be in a manner consistent with the Receiver's duties and the findings of the Court in this case.

Fourth, as previously noted, because the Court found that the parties operated a business relationship together under the LLC, which findings are, in part, based on the Receiver's conclusions about Plaintiff's contributions to the LLC, the Receiver must turn over all the Receivership Property (funds, assets, and other property) to Nolan and Thomas, jointly, as interested members of, and who have contributed to, the LLC and/or place the Receivership Property in a trust to be held until a further distribution is agreed upon between the parties.

Finally, and notwithstanding the foregoing, the Receiver concluded that there were certain equal contributions in the form of deposits made by Nolan and Thomas. The original amount of those deposits should be returned as follows to Nolan and Thomas from the funds "on hand at Bank of America," to (a) counsel for the Plaintiff the amount of $22,477.95 and (b) counsel for Defendant the amount of $22,477.95 ("**Ordered Deposits**"). See Receiver's report dated March 15, 2018, Docket #100 at 3.

In conclusion, except for the Ordered Deposits (which should be delivered as aforementioned), the Receiver should deliver all Receivership Property, whether in its possession, custody or control, directly or indirectly, including, without limitation, all funds relating to the Receivership on deposit at PNC Bank, Hantz Bank and Bank of America to the possession, custody and control of Nolan and Thomas, jointly, to be jointly held and administered by them as members of Thomas Nolan LLC. The Receiver shall also direct that any third-party management company,

3

including without limitation, Epic Property Management), deliver all funds and/or assets relating

to the Receivership Property to the possession, custody and control of Nolan and Thomas, jointly,

to be jointly held and administered by them as members of Thomas Nolan LLC.

Respectfully Submitted,

**MACWILLIAMS LAW PC**
*Attorney for Plaintiff*
By: /s/ Sara K. MacWilliams
Sara K. MacWilliams (P67805)
838 W. Long Lake Road, Suite 100
Bloomfield Hills, MI 48302
(248) 432.1586
sm@macwilliamslaw.com
and

**Anissa C. Hudy J.D., PLLC**

*Attorney for Plaintiff*
By: /s/ Anissa C. Hudy
Anissa C. Hudy (P57923)
P.O. Box 249
New Baltimore, MI 48047
(248) 417.9154
ahudy@hudylaw.com

Dated: July 24, 2018

# Exhibit 4

## Charles Bullock

| | |
|---|---|
| **From:** | Katherine Stefanou |
| **Sent:** | Tuesday, July 24, 2018 10:34 AM |
| **To:** | 'Charles Bullock'; Anissa Hudy; sm@macwilliamslaw.com; Mark Kowalsky |
| **Subject:** | RE: close out meeting |

Chuck, it is our position that the funds should be returned to the Thomas Nolan LLC bank account.

**Katherine A. Stefanou**
Jaffe Raitt Heuer & Weiss, P.C.
27777 Franklin Road – Suite 2500
Southfield, MI 48034
D: 248.727.1603
F: 248.351.3082
kstefanou@jaffelaw.com
www.jaffelaw.com

50 Years (1968-2018) Celebrating the Past – Focused on the Future.

Signature: Nothing in this communication is intended to constitute an electronic signature.
This email does not establish a contract or engagement.

Confidentiality: This communication may contain confidential privileged information intended for the named recipient(s) only.
If you received this by mistake, please destroy it and notify us of the error.

**From:** Charles Bullock <cbullock@sbplclaw.com>
**Sent:** Friday, July 20, 2018 3:52 PM
**To:** Anissa Hudy <ahudy@hudylaw.com>; sm@macwilliamslaw.com; Mark Kowalsky <mkowalsky@jaffelaw.com>; Katherine Stefanou <kstefanou@jaffelaw.com>
**Subject:** RE: close out meeting

I will be filing a final report in the next ten (10) days; thereafter, I will seek an order deeming the Receivership terminated.

The remaining question is: To whom should I turn the funds on hand over to? I would like for each side to state its position in writing, by Tuesday, July 24, 2018 at 5:00 p.m., so I may accurately represent the position of Plaintiff and Defendant to the Court, if there is a disagreement. Obviously, I would prefer that both sides agree, so I don't have to ask the Court to decide.

I do have a question about standing; however, I think that issue is moot, if we are able to consensually dispose of the balance orf the Receivership issues.

Charles D. Bullock,
Stevenson & Bullock, P.L.C.
26100 American Drive, Suite 500
Southfield, MI 48034

(248) 354-7906 ext. 2224
(248) 354-7906 ext. 2225 (Assistant: Leslie Haas)
(248) 354-7907 (Facsimile)

(248) 240-4126 (Cell)

PRIVILEGE AND CONFIDENTIALITY NOTICE
Attention: Pursuant to the electronic and communication privacy act of 1986, 18 U.S.C. § 2510, et seq. (the "ECPA"), you are notified that this e-mail may contain privileged and confidential information intended recipient of this e-mail, you are hereby notified that dissemination or copying of this e-mail or any attachment is strictly prohibited. If you have received this e-mail in error, please immediately notify me by telephone at (248)354-7906 ext. 2224, and if you receive this transmission in error, contact the sender immediately, delete the original and destroy any printout or copy you may have (including your trash). Neither this information block, the typed name of the sender, or anything else in this message is intended to, nor shall it constitute an electronic signature on the part of the sender for purposes of any local, state, or federal laws including, but limited to the Electronic Signatures in Global and National Commerce Act ("E-Sign") unless a specific statement to the contrary is included in this message. Thank You.

**From:** Anissa Hudy [mailto:ahudy@hudylaw.com]
**Sent:** Friday, July 20, 2018 3:24 PM
**To:** Charles Bullock <cbullock@sbplclaw.com>; sm@macwilliamslaw.com; Mark L. Kowalsky <mkowalsky@jaffelaw.com>; kstefanou@jaffelaw.com
**Subject:** RE: close out meeting

Chuck,

We are available late Monday.

From your prior email, I understand you are on vacation starting Wed.  Our next availability, then, after your vacation is starting July 31.

**From:** Charles Bullock <cbullock@sbplclaw.com>
**Sent:** Wednesday, July 18, 2018 10:55 AM
**To:** sm@macwilliamslaw.com; Anissa Hudy <ahudy@hudylaw.com>; Mark L. Kowalsky <mkowalsky@jaffelaw.com>; kstefanou@jaffelaw.com
**Subject:** Re: close out meeting

Please see below.  I am soliciting comments from both side incident to Mr. Thomas' email.

Chuck

Charles D. Bullock

Stevenson & Bullock, P.L.C.

26100 American Drive, Suite 500

Southfield, MI 48034


(248) 354-7906 ext. 2224

(248) 354-7906 ext. 2225(Assistant: Leslie Haas)

(248) 354-7907 (Facsimile)

(248) 240-4126 (Cell)

On Jul 18, 2018, at 7:57 AM, ronald thomas <rtbmx1@yahoo.com> wrote:

Good morning Chuck,

Now that the Court has denied Nolan's motion for reconsideration, its my understanding that
your work is just about finished and we can meet so that I can collect funds held and get the PNC
account signed back over. Does this Friday or sometime early next week work for you?

It may save us some trouble if I arrange an appointment with the same bank manager that helped
sign the TN account over to you initially, however that would require you to drive down to
Southgate. Alternatively, if you would prefer I don't mind driving to a PNC branch up your
way. Just let me know what you think is best. Thank you,

Ron Thomas
www.riseabovebmx.com
www.aganation.com
cell - 734 752 9308
fax - 814 690 1511

Neither the information in this block, the typed name of the sender, nor anything else in this message is intended to
constitute an electronic signature unless a specific statement to the contrary is included in this message.